IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANNA PLOWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>TANYA HUFF, in her individual<br>Capacity and as an official of the State<br>of Oregon; CHUCK NYBY, in his<br>individual capacity and as an official<br>of the State of Oregon; FARIBORZ<br>PAKSERISHT, Director of the Oregon<br>Department of Human Services in his<br>Official capacity.<br><br>    Defendants. | No. 6:19-cv-00606-MK<br>**ORDER AND OPINION** |

AIKEN, District Judge:

Plaintiff, Anna Plowman, brings this action pursuant to 28 U.S.C. § 1983 against defendants, Tanya Huff, Chuck Nyby, and Fariborz Pakserist, all officials working for the Oregon Department of Human Services ("D.H.S."). Plaintiff's complaint alleges constitutional violations of the 14th Amendment on substantive

and due process grounds and seeks damages as well as equitable, declaratory, and injunctive relief.

From the complaint it appears that plaintiff is the custodial parent of the minor children V.L.P. and L.F.B. and was awarded custody and the majority of parenting time in Lane County Circuit Court on January 15, 2019. Pl's. Comp. ¶7. Plaintiff's complaint centers on a dependency petition filed by Huff, acting in her official capacity for DHS, on January 16, 2019, to remove V.L.P. and L.F.B. from plaintiff's care. *Id.* at ¶ 8. The petition was allegedly based upon a report of abuse from an unrevealed source. *Id.* Plaintiff complains that Huff refused to disclose the name of the reporter at an initial hearing held in Lane County Circuit Court on January 18, 2019. Plaintiff argues that by failing "to provide the identity of the report part or the initial investigative report," defendants have made it "all but [...] impossible" for her investigate the allegations and present an adequate defense. *Id.* at ¶ 10.

At 1:45 AM on April 23, 2019, plaintiff filed a Motion for Temporary Restraining Order ("TRO"). (doc. 12) Therein, plaintiff requests that defendants be enjoined from "withholding the identities and investigative reports of Plaintiff's accusers" and further that the Court enjoin the "dependency cases involving Plaintiff from moving forward until such time as Plaintiff's right of due process denying Plaintiff meaningful discovery that comports with federal due process are remedied." Pl's Mot for TRO at 3.

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, in an emergency temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of *ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")

The Court declines to grant a temporary restraining order in this case without reaching consideration of the *Winter* factors. The Anti–Injunction Act prohibits a federal court from granting "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. Plaintiff's motion clearly requests the Court to enjoin state proceedings which are on-going and began prior to the filing of this suit. While the motion is directed at defendants rather than the Lane County Circuit Court, the Ninth Circuit has been clear that the § 2283's prohibition "cannot be evaded by

3 - ORDER AND OPINION

addressing [an] order to the parties or prohibiting utilization of the results of a completed state proceeding." *Seawater Seafoods Co. v. Dulcich*, 2018 WL 1461500, at *7 (D. Or. Mar. 23, 2018) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). Here, enjoining defendants from pursuing the dependency proceeding would necessarily have the same effect of staying the action currently in state court. *See Los Angeles Mem'l Coliseum Com'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983).

Moreover, the request that the Court order defendants to disclose information in the dependency action would still require this Court to unnecessarily interfere in the state proceeding and possibly conflict with rulings which may be best left to the presiding judge in the state case.[1] Indeed, the Supreme Court has cautioned that "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Atl. Coast Line R.R. Co.*, 398 U.S. at 287 (1970); *see also Roberts v. Heim*, 81 F. 3d 169, at *2 ("The fact that an injunction may be issued [...] does not mean that such an injunction must be issued. Rather, the decision is committed to the discretion of the district court.") (internal citations omitted)

The statute is qualified by three narrow exceptions, which allow a federal court to intervene in state court proceedings when "expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

---

[1] The Court is not opining on whether it would or would not be able to compel production of such information during discovery in this case.

4 - ORDER AND OPINION

judgments." 28 U.S.C. § 2283; *see also Atl. Coast Line R.R. Co.*, 398 U.S. at 287 ("[T]he exceptions should not be enlarged by loose statutory construction.") Here, the Court finds that none of the narrow exceptions apply to the relief requested in plaintiff's motion. Therefore, plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (doc. 12) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of April 2019.

                                                                          */s/ Ann Aiken*
                                                                          Ann Aiken
                                                                 United States District Judge